UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CIV-80853-RAR

**ASPEN LICENSING INTERNATIONAL, INC.**,
a Florida corporation,

    Plaintiff,

v.

**ZIGI USA LLC,**
a Florida Limited Liability Company,

    Defendant.
_____/

**FINAL JUDGMENT AWARDING ATTORNEYS' FEES AND COSTS**

**THIS CAUSE** comes before the Court on Plaintiff's Motion for Attorneys' Fees and Costs [ECF No. 19] ("Motion"), filed on August 23, 2022. Having reviewed the Motion and record, and being otherwise fully advised, it is hereby

**ORDERED AND ADJUDGED** that the Motion is **GRANTED** as set forth herein.

**ANALYSIS**

Plaintiff seeks an award of attorneys' fees and costs under the Lanham Act, 15 U.S.C. § 1117(a); and the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), FLA. STAT. § 501.2105. *See* generally Mot. As discussed in the Order Granting Motion for Default Judgment, the Court finds that Plaintiff is entitled to recover reasonable attorneys' fees under both statutes. *See* [ECF No. 14] ("Order Granting Mot. for Default Judgment") at 5.

The Lanham Act provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). The Eleventh Circuit has held that "to be an 'exceptional case' under the Lanham Act requires only that a case 'stands out from others,' either based on the strength of the litigating positions or the manner in which the case was

litigated." *Tobinick v. Novella*, 884 F.3d 1110, 1118 (11th Cir. 2018) (quoting *Octane Fitness, LLC v. ICON Health and Fitness*, 572 U.S. 545, 554 (2014)). This standard is more liberal than the Eleventh Circuit's previous standard for attorneys' fees, "which required that a case be 'malicious, fraudulent, deliberate, and willful' in order to warrant attorneys' fees.'" *Sream, Inc. v. Onive Food Inc.*, No. 18-80491-CV, 2018 WL 8345099, at *3 (S.D. Fla. Sept. 27, 2018) (quoting *Burger King Corp. v. Pilgrim's Pride Corp.*, 15 F.3d 166, 168 (11th Cir. 1994)).

"The district court has the discretion to determine whether a case stands out from others based on the totality of the circumstances." *Domond v. PeopleNetwork APS*, 750 F. App'x 844, 847 (11th Cir. 2018). Importantly, "[a] defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) (internal quotations omitted) (quoting *Nishimatsu Const. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1205 (5th Cir. 1975)). Here, the Complaint contains sufficient allegations to establish that Defendant willfully and deliberately engaged in infringement.

Plaintiff alleges that Defendant willfully adopted a mark nearly identical to Plaintiff's federally registered mark in order to confuse purchasers. *See* Compl. ¶¶ 16–29. These allegations are enough to warrant attorneys' fees under the Lanham Act in this case. *See Sream*, 2018 WL 8345099, at *3; *BayCare Health Sys., Inc. v. BayCare Health Mgmt. Corp.*, No. 8:18-CV-2380-T-60JSS, 2020 WL 571261, at *7 (M.D. Fla. Jan. 3, 2020); *see also Choice Hotels Int'l, Inc. v. S & V Enterprises of Gainesville, Inc.*, No. 1:17CV177-MW/GRJ, 2018 WL 5818372, at *5 (N.D. Fla. Mar. 29, 2018) ("This Court notes the evolution of this circuit's 'exceptional case' standard simply to show that this case meets both standards due to the Defendants' nonparticipation, their

default, and their willful infringement."). Plaintiff is also entitled to recover costs under section 1117(a) and FED. R. CIV. P. 54(d).

Further, Plaintiff has pled that Defendant's deceptive use of the "Aspen" mark as its own is a fraudulent and unconscionable business practice—misleading the consumer and creating unfair competition—thereby causing injury to Plaintiff. *See* Compl. ¶¶ 52–54. These allegations establish Defendant's liability for violations of FDUTPA, entitling Plaintiff to recover reasonable attorneys' fees and costs under section 501.2105 of the Florida Statutes.

The Court uses the lodestar method to determine the reasonableness of fees. The lodestar is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate. *See Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). A fee applicant bears the burden of demonstrating entitlement and providing appropriate documentation regarding the appropriate hourly rates and the time expended. *See Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988). "[The] reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Id.* at 1299. As to the number of hours expended, counsel's records should allow for the district court's assessment of the time claimed for each activity by reflecting the time spent on different claims and by sufficiently describing the subject matter of the time expenditures. *Id.* at 1303. Further, "[t]he Court may use its own experience in assessing the reasonableness of attorneys' fees." *H.C. v. Bradshaw*, 426 F. Supp. 3d 1266, 1275 (S.D. Fla. 2019).

Here, based on the evidence presented and the Court's knowledge and experience concerning reasonable and proper fees, the Court finds that Plaintiff's request for $5,729.50 in attorneys' fees and $487.00 in costs is reasonable. *See generally* [ECF No. 20]. Plaintiff's costs

include a $402.00 filing fee and $85.00 for service of the summons and subpoena. *See* [ECF No. 21] at 1.

## CONCLUSION

Plaintiff has provided a sufficient basis for all four counts of its Complaint: (1) trademark infringement under the Lanham Act, 15 U.S.C. § 1114; (2) unfair competition under 15 U.S.C. § 1125(a); (3) common law trademark infringement and unfair competition; and (4) FDUTPA. Plaintiff is thus entitled to attorneys' fees and costs under the Lanham Act and FDUTPA. Based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion for Attorneys' Fees and Costs [ECF No. 19] is **GRANTED**.
2. Plaintiff shall recover from Defendant his reasonable attorneys' fees in the amount of $5,729.50, as well as $487.00 in costs, for which total sum let execution issue.
3. All sums due herein shall bear interest to the extent applicable under 28 U.S.C. § 1961.
4. The Court retains jurisdiction to enforce this Final Judgment awarding fees and costs.

**DONE AND ORDERED** in Fort Lauderdale, Florida this 25th day of August, 2022.

_____
RODOLFO A. RUIZ II
UNITED STATES DISTRICT JUDGE